NOT RECOMMENDED FOR PUBLICATION

Case No. 17-1445

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 31, 2018
DEBORAH S. HUNT, Clerk

LINDA MYS,

    Plaintiff-Appellee,

v.

MICHIGAN DEPARTMENT OF STATE
POLICE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

ORDER

---

**BEFORE**: **GILMAN**, **ROGERS, and STRANCH, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** In an opinion filed on March 28, 2018, we affirmed a jury's award of $350,000 in favor of Linda Mys, a former desk sergeant with the Michigan Department of State Police (the Department). *Mys v. Mich. Dep't of State Police*, 886 F.3d 591, 594 (6th Cir. 2018) (*Mys II*). At issue in the case was Sgt. Mys's temporary reassignment to a new post followed by a permanent transfer to another, more distant one, both of which occurred after she filed sexual-harassment and sexual-assault complaints (collectively, "sexual-harassment complaints") against a coworker. *Id.*

Sgt. Mys now moves for attorney fees under Title VII's fee-shifting provision and for costs under Rule 39 of the Federal Rules of Appellate Procedure. The Department concedes that Sgt. Mys is entitled to attorney fees and costs as the prevailing party in this appeal, and it does not dispute the reasonableness of the $26,625.60 in fees and the $623.08 in costs that she requests.

Sgt. Mys also moves for sanctions under (1) Rule 38 of the Federal Rules of Appellate Procedure, (2) 28 U.S.C. § 1927, and (3) this court's inherent sanctioning power. We previously noted that mischaracterizations of the record by counsel for the Department impeded our review of the case. *Mys II*, 886 F.3d at 599. Sgt. Mys now contends that those misstatements and others merit the imposition of sanctions.

Rule 38 authorizes sanctions "[i]f a court of appeals determines that an appeal is frivolous." Fed. R. App. P. 38. This court has held that a "frivolous appeal" is "[o]ne in which no justiciable question has been presented and [the] appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 676–77 (6th Cir. 1999) (quoting *Black's Law Dictionary* (6th ed.)).

Rule 38 sanctions are not appropriate in this case. This appeal focused on the causation prong of Sgt. Mys's retaliation claim. *Mys II*, 886 F.3d at 600–01. Relatively recent Supreme Court decisions that are directly relevant to this case have created a new framework for the litigation of Title VII claims, particularly when it comes to the causation element. *See Vance v. Ball State Univ.*, 570 U.S. 421 (2013); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013); *Staub v. Proctor Hosp.*, 562 U.S. 411 (2011).

The facts of Sgt. Mys's case are also relatively complex, involving a temporary reassignment followed by a permanent transfer, multiple layers of departmental hierarchy, and a multi-member body composed of both union and employer representatives (the Transfer Review Board) that made the final transfer decision. *Mys II*, 886 F.3d at 595–98. In light of the facts of this case and the recently established Supreme Court precedent, the Department's causation defense was not frivolous.

Whether the Department's attorney should be sanctioned under § 1927 is another matter. Section 1927 covers a broader swath of sanctionable conduct than Rule 38 by making attorneys personally liable for "multipl[ying] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. Sanctions are appropriate under § 1927 "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). The attorney need not have acted in bad faith to warrant a sanction, but her conduct "must amount to more than simple inadvertence or negligence that has frustrated" the court. *Id.* Section 1927's purpose is to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

Sgt. Mys argues that the appellate briefing by the Department's attorney imposed additional costs on her by mischaracterizing this court's prior ruling in *Mys v. Michigan Department of State Police*, 590 F. App'x 471 (6th Cir. 2014) (*Mys I*). Despite this court's conclusion in the first appeal that Sgt. Mys's temporary reassignment and the circumstances surrounding it were potential adverse-employment actions, *Mys I*, 590 F. App'x at 481, the Department's brief contended that only Sgt. Mys's permanent transfer was at issue in this second appeal. Sgt. Mys further argues that the Department's briefing misrepresented the trial record by claiming that Major Barry Getzen and the Transfer Review Board knew nothing about Sgt. Mys's sexual-harassment complaints, whereas the record clearly established the opposite. *Mys II*, 886 F.3d at 595. She further notes that the Department compounded these misstatements of fact and law at oral argument by repeating them and adding fresh ones.

The most egregious of those oral misrepresentations came when the Department's attorney insisted that, at the time of Sgt. Mys's Transfer Review Board hearing, there was no desk-sergeant vacancy at the post where Sgt. Mys had been temporarily reassigned, despite multiple witnesses testifying to the contrary. *Mys II*, 886 F.3d at 596. Although Sgt. Mys's temporary post was near her home and her ailing mother for whom she was the primary caretaker, the Transfer Review Board, at the Department's urging, transferred her to a post that was 180 miles away. *Id.* at 597. By stating that no vacancy existed at Sgt. Mys's temporary post, the Department's attorney cast Sgt. Mys's transfer in a much less adverse light.

Sgt. Mys had to devote time responding to the factual and legal misrepresentations made by the Department's attorney that she could have otherwise spent responding to the legitimate causation arguments that the Department raised on appeal. The Department's attorney does not dispute that she made repeated misrepresentations, stating only that she did not "inten[d] to misstate facts during oral argument." Nor does she dispute that the misrepresentations imposed additional costs on Mys.

There is no indication that the Department's attorney made these misrepresentations in bad faith, but that is not a requirement for sanctions under § 1927. *See Holmes*, 78 F.3d at 1049. Sanctions are still appropriate where, as here, the conduct at issue cannot be dismissed as "simple inadvertence or negligence" given the quantity of legal and factual misrepresentations that the Department's attorney made in her briefing and at oral argument. *See id.* This is especially so because she represented the Department in the two trials and in both appeals in this case, meaning that she was intimately familiar with the facts and procedural history.

This court has previously sanctioned an attorney under § 1927 for misrepresentations that were not accompanied by any "overt signs of bad faith" but nonetheless amounted to a

"misleadingly selective[] reading of the record." *Kempter v. Mich. Bell Tel. Co.*, 534 F. App'x 487, 493 (6th Cir. 2013). Sanctions are similarly appropriate here.

Sgt. Mys has requested $225,000 in sanctions, an amount that she contends is equal to less than 0.1% of the Department's annual budget or, in the alternative, an amount equal to double the attorneys fees and costs that she requests. But neither of those amounts is tailored to the actual degree to which the Department's misrepresentations increased Mys's legal expenses. Upon a review of the appellate record, we conclude that a sanction of $2,500 is appropriate here.

## CONCLUSION

For all of the reasons set forth above, Sgt. Mys's Motion for Attorney's Fees, Costs, and Sanctions is **GRANTED** in the amount of $26,625.60 in fees, $623.08 in costs, and $2,500.00 in sanctions.